## ELLIOTT v. UNITED EMPLOYERS CASUALTY CO.

Civil No. 263.

District Court, S. D. Texas, Houston Division.

Nov. 19, 1940.

A. D. Dyess, of Houston, Tex., for plaintiff.

Douglas W. McGregor and Brian S. Odem, both of Houston, Tex., for defendant.

KENNERLY, District Judge.

Originally this was a suit by plaintiff, a citizen of California, against the United Employers Casualty Company, a Texas corporation, and George R. Christie, both citizens of Texas, to recover $5,000 claimed to have been advanced by plaintiff to Christie early in 1938, which plaintiff claims Casualty Company assumed to repay, and/ or is liable to repay, to him (less $800 which has been repaid), and certain "overriding commissions" on the paid premium income of Casualty Company for which plaintiff also alleges Casualty Company is liable to him. Before the trial, plaintiff dismissed Christie from the case and proceeded only against the Casualty Company.

The Casualty Company denied liability of any kind to plaintiff and alleged further that if there be any agreement by it to pay plaintiff any sum, such agreement is ultra vires, without consideration, etc. It also seeks by cross action to recover from plaintiff whatever sum that has been repaid him.

At the trial, which was before the court without a jury, Miss E. L. Cloar, treasurer, and Randolph Caldwell, president, of Casualty Company, testified as witnesses.

Judgment was for defendant, and seasonably plaintiff filed his motion for new trial, and has moved to take the depositions of L. B. Holaday and H. Economidy, officers or employees of Casualty Company, to be used upon the hearing of the motion. With respect to Holaday and Economidy, plaintiff in his motion says:

"Upon receiving notice from the court that this case could be reached for trial on Monday, July 28, plaintiff's counsel at once notified plaintiff, who resides in California, to come to Houston and received a wire from plaintiff stating that he would arrive in Houston Sunday; that plaintiff arrived in Houston Sunday and, at the instance of his counsel, investigated to ascertain if L. B. Holaday, Miss E. L. Cloar, H. Economidy and Randolph Caldwell were in Houston and could be reached by subpoenas and was advised that all four of said officers and employees of the defendant corporation were available; that already, for some of said witnesses, plaintiff's counsel had had subpoenas issued and for Mr. Economidy issued subpoena early Monday, July 28, and placed same in the hands of the marshal for this district; that the marshal was unable to subpoena any of said witnesses save and except Miss E. L. Cloar and the defendant's president, Randolph Caldwell, and that the said Holaday and Economidy were reported by defendant's office to be out of the city for an indefinite period of time; *that in truth and in fact said witnesses left the City of Houston, as plaintiff verily believes and is informed, for the purpose of avoiding the service of subpoenas upon them and to*

782

*avoid testifying in this case;* that had said witnesses Holaday and Economidy been compelled to come into court and to have testified on the trial hereof they would have testified that while they were officers and/or directors of the defendant corporation the said George R. Christie wrote said letter of assumption to the plaintiff herein of date September 9, 1938, and that said corporation ratified same and, with the full knowledge of all its officers and directors, made the payments on account of said contract as were shown on the trial hereof to have been paid to the plaintiff. Furthermore, said witnesses would have testified that they were associates of the said Christie in the purchase of the Imperial Underwriters for which they paid $40,000.00 of which purchase price $5,000.00 (⅛th of the total) was paid by the $5,000.00 obtained from the plaintiff herein; that all of the assets thus acquired by them from the Imperial Underwriters were turned over to and became the corporate assets of the defendant corporation, and that it was but meet and proper that said defendant corporation should have assumed the obligation of the said George R. Christie to this.

"That these facts might be clearly established and that a gross injustice may not be done unto this plaintiff, the plaintiff is filing herewith a motion to be permitted to take the testimony by depositions of the said witnesses Holaday and Economidy for the purpose of clearly establishing the facts herein set forth.

"Plaintiff would further show that as he, through his attorney, has repeatedly made known to the court the speedy trial of this case was most necessary to his financial well-being, that due to the crowded condition of the court's docket and the long time consumed in the trial of the Kost case, it was impossible to ascertain, with any degree of certainty in advance of the notice given to plaintiff's counsel by the honorable judge of this court, what day the case would be reached for trial and what day the witnesses and plaintiff should be in court; and that, upon receipt of notice from this court that the case could be heard on Monday, subpoenas were immediately issued for all witnesses above referred to save and except the witness Economidy and that the subpoena for the said Economidy was issued as soon as the marshal's office reported inability to serve the said Holaday with the subpoena that had theretofore been issued and placed in his hand to be served upon said witnesses."

Defendant combats plaintiff's motion to take the depositions of Holaday and Economidy for use on motion for new trial, but I find no denial by defendant of plaintiff's above quoted allegations that the witnesses Holaday and Economidy evaded the process of the court.

■ 1. Whether such witnesses will or will not testify to facts which will be deemed sufficient to require that the judgment be set aside and new trial granted cannot, of course, at this time be determined. The undenied charge, or even a disputed charge, that such witnesses, who are either officers or employees of Casualty Company, evaded the process of the court is sufficient to require that the court in some manner ascertain what their testimony would have been at the trial.

■ 2. But defendant questions the legality of taking their depositions in support of a motion for new trial. I do not agree with defendant. I think that the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, must, as stated in Rule 1 thereof, be "construed to secure the just, speedy, and inexpensive determination of every action," and that certainly under Rule 43 (e), and probably under Subdivision 2 of Rule 59(a), depositions on motion for new trial may be taken.

Let an order be prepared and presented, permitting the taking of the depositions of the two witnesses named, but within a time fixed in the order.